POPE, Administrator, v. ROBINSON.

</div>

1. *Assumpsit* is a proper action to recover for goods delivered to be
   sold and accounted for in New-York currency, as well as *account*.
2. A recovery on such cause of action may be had on a common count.
3. The Court charged the jury, that if they believed the evidence
   offered by the plaintiff, it sustained his declaration; such charge
   was a proper one.
4. In assumpsit against the intestate, and his administrator made a
   party during the pendency of the action, judgement generally
   against defendant, is error; it should be *de bonis testatoris*.

JOSEPH ROBINSON brought an action against John Van
Steinburg, in the Circuit Court of Dallas county. The
writ was to answer in a plea of trespass on the case; the
declaration contained only one count, and recited in sub-
stance, that in consideration that the plaintiff had at the
the special instance of the defendant, delivered goods to
him of the value of five hundred dollars to be sold and
disposed of by the defendant for the plaintiff, that he un-
dertook to render a just and reasonable account of said
goods to the plaintiff, when requested; and although the
defendant had received said goods for said purpose, yet
that he hath not rendered any account thereof, &c. with
a special request, &c. and that defendant wholly fails so
to do, to the damage of the plaintiff $1,000, &c. The
defendant pleaded the general issue. The death of the
defendant being suggested, a *scire facias* issued to A.

Pope, as his administrator, which was executed, and at October term, 1825, a verdict was found for the plaintiff for $308 10, and a general judgement was rendered thereon against the defendant.

By a bill of exceptions, sealed at the trial, it appears that the deposition of one Davis was read by the plaintiff, who stated that six or seven years previous, the defendant called upon the witness in New-York, concerning a parcel of watches which the defendant was about to take from the witness to dispose of for him. The understanding was this, that the watches were to be delivered to the defendant at certain marked prices, he was going to New-Orleans, and was to sell them, but not below those prices, and when he returned, or within a reasonable time, he was to account in New-York currency for said watches, at those prices, or return such as were not sold; that a controversy arose about a receipt which deponent requested, and which Steinburg refused to give; when he said, that he had got of the plaintiff, Robinson, six or seven hundred dollars worth of clocks on the same terms, and that he had given no receipt, and would not give any. The watches were then delivered without receipt. On cross examination, he said he did not know how many clocks were delivered, or the specific terms, except as above. A demand of the clocks was proved before suit was brought. The Court charged the jury, that if they believed this evidence, in the opinion of the Court it supported the declaration; to which the defendant excepted.

The errors assigned here by Pope are, 1st That the Court erred in the charge as stated in the bill of exceptions. 2d That the declaration contained no cause of action. 3d That judgement was rendered against the defendant generally, when it should have been *de bonis testatoris*.

H. G. PERRY, for the plaintiff in error, cited 1 Chitty's Pleadings 295, 302, 304. Ante. p. 12.

HITCHCOCK, for the defendant.

### By JUDGE WHITE.

THE first error relied on is, that the action is *account*, and not assumpsit; and hence that the judgement should have been not for the damages, but that the defendant should account; and that auditors should in the first instance have been appointed to take an account between

the parties preparatory to final judgement. The necessity
of such an interlocutory order evidently depends upon
the correctness of the first position assumed, that the
action is not assumpsit, but an action of account. Chitty
in his 1st volume on Pleadings, [a] lays down this princi- [a] Page 92.
ple : that the action of assumpsit will lie against a bailee
for neglect or other breach of duty ; and by reference to
the 2d volume of the same work, made by the author
himself, [b] the form of a declaration against an agent or [b] Page 163.
auctioneer for not duly accounting for goods delivered
to him to sell, is to be found. This form is in assumpsit,
and the very one pursued in the declaration before us.
Without then further reference to authority, it is apparent
that this first position is not sustainable. The next ob-
jection taken by the plaintiff in error is, that the proof
shews there was a special contract between Robinson and
Steinburg, that the latter should receive from the former
a number of clocks, to sell at New-Orleans at certain
prices, and within a reasonable time after the sale thereof,
account with Robinson in New-York currency. This, it
is urged, is a special contract which should have been de-
clared on, and could not, by the rules of law, have been
given in evidence under the common count, which is the
only one in plaintiff's declaration. The case of Haynes
against Woods, [c] decided by this Court last winter, is re- [c] Ante page 12.
lied on to support this position. By reference to that case,
it will be seen that the reason why it was then said that
the contract was too special to go in evidence under the
general counts was this : that it was a contract payable
in *board;* and therefore was embraced by the principle of
those cases which hold, that when a contract is payable
in property or in some other special mode, differing from
money, it is special, and whilst subsisting, must be de-
clared on as such. The contract, however, in the present
case is not of this character ; for it is payable in New-
York currency, which means money. This second ob-
jection then can avail nothing.

Thirdly, it is objected that the Court erred in charging
the jury, that if they believed the evidence adduced, it
supported the plaintiff's declaration. The facts proven,
as appears from the bill of exceptions, were, that some
years before, Robinson delivered to Steinburg six or se-
ven hundred dollars worth of clocks, with a promise on
the part of Steinburg to sell the same and account with

Pope
v.
Robinson.

Robinson within a reasonable time after such sale, in New-York currency. It was further admitted, that on the trial Robinson proved he had demanded the clocks of the then defendant, before the bringing of the action. This was the evidence on which the charge was given which is now objected to. Here was proof of the delivery of the goods to Steinburg to sell, with an express promise on the part of the bailee, to account after the sale within a reasonable time, and a failure to account for many years. Then, according to the authorities already cited from Chitty, he was an auctioneer or agent, who had received goods to sell, with a promise to account, which he had not done; and was liable in this form of action, and under just such a declaration as this. In Buller's Nisi Prius 147–8, there is a case cited where the plaintiff declared in assumpsit, that he had delivered goods to the defendant, which he promised to dispose of (as in this case) and give the plaintiff an account. The question arose on demurrer to a plea in abatement, whether the action should not have been *account*, and not assumpsit. The Court adjudged that there being an *express promise to account*, assumpsit would lie as well as account. The facts in this case are the same with those in the one from Buller. This action then, according to that authority, was properly commenced; and the Court were right in charging the jury if they believed the evidence, that the plaintiff's declaration was sustained. They did not say that the facts were proved, or that the jury must believe and find them. All this they properly left to the jury, and merely charged them as to the legal result of the facts if believed. This it was their province and duty to do, and this we think they did agreeably to law.

The judgement below then, would be affirmed but for the last error assigned; which is, that it was rendered *de bonis propriis* when it should have been *de bonis testatoris*. For this, the judgement must be reversed and rendered.

Judge Taylor not sitting.